# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

LAZARUS ANTONIO TAYLOR, :
:
    Petitioner, :
:
VS. : **1:12-CV-173 (WLS)**
:
WARDEN DENNIS BROWN, :
:
    Respondent. :
:

## RECOMMENDATION

Presently pending in this § 2254 action is Respondent=s Motion to Dismiss this federal habeas Petition as untimely filed, or for lack of exhaustion. (Doc. 8). Respondent contends that Petitioner filed this federal habeas Petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act (AAEDPA@). The Petition was filed on November 13, 2012. (Doc. 1).

On November 4, 2008, Petitioner pled guilty and was sentenced to one count of aggravated battery, two counts of aggravated assault, one count of false imprisonment, and one count of aggravated assault with the intent to rape. (*See* Doc. 9-6). Petitioner did not appeal his guilty plea conviction or sentence.

On July 21, 2011, Petitioner executed his state habeas petition in the Superior Court of Baldwin County. (Doc. 9-1). After an evidentiary hearing was held, the petition was denied. (Doc. 9-3). Petitioner filed an application for a certificate of probable cause to appeal the denial, which was still pending in the Georgia Supreme Court as of January 18, 2013. (Doc. 9-5).

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of Athe date on which the [state court] judgment [of conviction] became

final by the conclusion of direct review or the expiration of the time for seeking such review." The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." Section 2244(d)(2).

Petitioner filed this habeas Petition challenging his November 4, 2008 guilty pleas. Petitioner did not file a direct appeal, making the judgment of conviction final on December 4, 2008, the date on which the 30-day period for filing a notice of appeal expired.[1] Pursuant to 28 U.S.C. § 2244(d), Petitioner was required to file his state habeas petition by December 4, 2009 to toll the limitations period. Petitioner did not execute a state habeas petition until July 21, 2011 (Doc. 9-1), which was more than one year and seven months after Petitioner's federal habeas period of limitations ran. The tolling provision of § 2244(d)(2) therefore does not protect Petitioner. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011). As Petitioner filed his state and federal habeas petitions more than one year after his final conviction, the federal time limitations period has run and Petitioner's federal habeas Petition is untimely.

Accordingly, it is the recommendation of the undersigned that Respondent's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner

---

[1] Although Georgia law does not provide an absolute right to a direct appeal from a judgment of conviction and sentence entered on a guilty plea, had Petitioner wished to pursue a discretionary appeal, his appeal would have been governed by the thirty (30) day deadline set out in O.C.G.A. § 5-6-38.

files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 30th day of April, 2013.

                                                   s/ ***THOMAS Q. LANGSTAFF***
                                                   **UNITED STATES MAGISTRATE JUDGE**

llf