IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| LAZARUS ANTONIO TAYLOR, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Case No.: 1:12-cv -173 (WLS) |
| : | |
| WARDEN DENNIS BROWN, : | |
| : | |
| Respondent. : | |
| _____: | |

## ORDER

Before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff on Respondent Warden Dennis Brown's Motion to Dismiss Petition as Untimely and/or for Lack of Exhaustion. (Doc. 11.) The magistrate judge recommends the Court dismiss Petitioner Lazarus Antonio Taylor's petition for a writ of habeas corpus because it has been filed more than a year after the conviction became final. (*Id.* at 2.) Taylor did not object to the recommendation. (*See* Docket.) After a *de novo* review of the record, the Court agrees with the magistrate judge and adopts the recommendation.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on prisoners seeking to challenge state-court convictions. 28 U.S.C. § 2244(d). The one-year period begins running from the latest of several events, such as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1). In this case, Taylor's conviction, which is the latest event under § 2244(d), became final December 4, 2008, and he did not file his state petition for a writ of habeas corpus until August 11,

2011. Because Taylor failed to toll his statute of limitations until more than a year after his conviction became final, his federal petition is untimely. Additionally, Taylor, who did not respond to the motion to dismiss, has not offered any ground to apply equitable tolling.

The Court finds that the magistrate judge's recommendation (Doc. 11) should be, and hereby is, **ACCEPTED, ADOPTED**, and made the Order of this Court for the reason of the findings made and reasons stated therein, together with the findings made, reasons stated, and conclusions herein. Defendant's Motion to Dismiss (Doc. 8) is **GRANTED**, and Taylor's Petition for a Writ of Habeas Corpus is **DISMISSED**. Because jurists of reason would not find debatable whether the Court is correct in its procedural ruling, the Court further **DENIES** Taylor a certificate of appealability.

**SO ORDERED**, this  11th  day of June 2013.

                                                **/s/ W. Louis Sands**
                                                **THE HONORABLE W. LOUIS SANDS,**
                                                **UNITED STATES DISTRICT COURT**